# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ALBERT FRANKLIN

**NOVEMBER 18, 2021**

---

In Re:    Albert Franklin, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 04-18-0404.

---

**BEFORE:    GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT DENIED.**

**WRC**

**Holdridge, J.,** concurs.  It is clear from the evidence and the exhibits introduced at the motion to suppress hearing that the officers in this case did not follow the best practices.  It is also apparent that there are two different interpretations of the actions of the officers and the defendant as to whether the defendant's confession was due to his request or to the alleged coercive actions of the officers.   While I may have ruled differently, I am constrained to follow the jurisprudence of this state that gives great weight to the trial court's credibility determination as to the admissibility of the evidence and absent a clear abuse of discretion that the trial court's determination should not be reversed by the appellate court. **State v. Green,** 94-0887 (La. 5/22/95), 655 So.2d 272.

**Guidry, J.,** dissents and would grant the writ application.  Relator invoked his right to counsel and no counsel was provided to him.  I find relator's purported waiver of his invocation of his right to counsel was not knowing and intelligent under the totality of the circumstances.  See **State v. Winfrey,** 2012-0940 (La. App. 1st Cir. 2/15/13), 2013 WL 595671, at *5, writ denied, 2013-0585 (La. 10/4/13), 122 So.3d 1014 ("[w]hen a defendant invokes his **Miranda** right to counsel, the admissibility of his subsequent confessions under federal law is to be determined by a two-step analysis: it first must be asked whether the defendant 'initiated' further conversation; and if the answer is yes it must be inquired whether the defendant waived his right to counsel and to silence, that is, whether the purported waiver was knowing and intelligent under the totality of the circumstances, including the necessary fact that the accused, not the police, reopened the dialogue with the authorities.").  See also La. R.S. 15:452 (no arrestee "shall be subjected to any treatment designed by effect on body or mind to compel a confession of crime.").

Herein, the officer initiated further conversation regarding the alleged crime.  Before relator stated he wanted to talk, an officer informed relator that he had obtained a statement from the passenger of the vehicle relator had been driving, and relator would be charged with killing the police

officer relator had run over. Relator stated he was scared, and the officer replied, "want to get your side of things but." Relator then expressed his desire to talk. Further, the videotape of the interview reflects that after invoking his right to counsel, relator was left in a room for approximately two hours, during which time relator prayed, cried, moaned, and stated he was scared. Relator also appeared to be cold. Based on the circumstances, as outlined above, I find that the police failed to scrupulously honor relator's right to cut off questioning. See **Michigan v. Mosley,** 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975) ("the admissibility of statements obtained after the person in custody has decided to remain silent depends under **Miranda** on whether his 'right to cut off questioning' was 'scrupulously honored.'").

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT